[Cite as *State v. Kirk*, 2016-Ohio-2676.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P. J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | Case No. 2015 CA 0005 |
| DAVID KIRK | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas,
                             Case No. 2012 CRB 4355

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      April 21, 2016

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

CHARLES S. HOWLAND                    KEVIN P. COLLINS
PROSECUTING ATTORNEY                  1241 East Center Street
THOMAS J. SMITH                       Suite C
ASSISTANT PROSECUTOR                  Marion, Ohio  43302
60 East High Street
Mt. Gilead, Ohio  43308

*Wise, J.*

**{¶1}** Defendant-Appellant David Kirk appeals the August 10, 2015, Judgment Entry of the Morrow County Common Pleas Court entering his guilty plea and making a finding of guilt following a revocation hearing.

**{¶2}** Plaintiff-Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

**{¶3}** On July 11, 2012, a criminal complaint was filed charging Appellant David Kirk with one count of Domestic Violence, in violation of R.C. §2919.25(A).

**{¶4}** On May 9, 2013, Appellant entered a plea of "not guilty".

**{¶5}** On January 21, 2014, Appellant appeared with counsel and withdrew the "not guilty plea" and entered a plea of "guilty." At that time, the trial court did not accept the guilty plea. Instead it placed Appellant on Diversion for a period of one (1) year. By a journal entry executed on that date, Appellant was ordered, as conditions of the diversion program to: 1) obtain a domestic violence evaluation; 2) comply with any counseling recommended by that evaluation; 3) commit no acts of violence while on Diversion; 4) abide by the terms and conditions imposed by the Probation Department; 5) keep the Court informed of his current address; and, 6) pay court costs. The Judgment Entry was signed by Appellant, his counsel, the alleged victim, an assistant prosecutor and the presiding judge. The trial court indicated that if Appellant complied with the above conditions the case would be dismissed.

**{¶6}** On November 4, 2014, Appellant signed corrected special conditions of probation, which ordered that Appellant not purchase, possess or use any alcohol or intoxicating liquor.

**{¶7}** On November 4, 2014, the State filed a motion to revoke Appellant's Diversion. A hearing was scheduled on the revocation motion for December 8, 2014.

**{¶8}** On December 8, 2014, the trial court *sua sponte* continued the hearing to January 12, 2014.

**{¶9}** On January 12, 2015, a revocation hearing was held. By Judgment Entry filed January 12, 2015, the Diversion program was extended by six (6) months.

**{¶10}** On June 22, 2015, the State filed a second motion to revoke Appellant's Diversion. A hearing date was set for July 13, 2015.

**{¶11}** On July 13, 2015, the trial court extended the Diversion for two months, and rescheduled the diversion revocation hearing to August 10, 2015. The trial court stated in its Entry that the court "had the wrong address" for Appellant "so he was not getting notices".

**{¶12}** On August 10, 2015, after hearing testimony and reviewing the record, the trial court accepted Appellant's previously entered plea of "guilty," and found Appellant guilty of Domestic violence. The trial court then proceeded to sentence Appellant on the domestic violence charge.

**{¶13}** Appellant now appeals, assigning the following errors for review:

## ASSIGNMENTS OF ERROR

**{¶14}** "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY REVOKING HIS DIVERSION PROGRAM AFTER THE TERM OF DIVERSION HAD EXPIRED.

**{¶15}** "II. INSUFFICIENT EVIDENCE SUPPORTED THE REVOCATION OF DEFENDANT-APPELLANT'S DIVERSION PROGRAM."

**I., II.**

**{¶16}** Appellant, in his First and Second Assignments of Error, Appellant claims that the trial court erred in revoking his diversion program. We disagree.

**{¶17}** More specifically, Appellant argues that the term of his Diversion had expired prior to the trial court's revocation, and therefore the court was without jurisdiction to do so. Appellant also argues that there was insufficient evidence to support revocation of his Diversion program.

**{¶18}** Initially, we find that the term of Appellant's Diversion has not expired. The record reflects that Appellant was first placed on Diversion on January 21, 2014, for a twelve (12) month period which would have expired on January 21, 2015. However, at a revocation hearing held on January 12, 2015, the trial court extended the term for six (6) months, or July 21, 2015. Then on July 13, 2015, the trial again extended the term for two (2) month, moving the expiration date to September 21, 2015. The hearing which resulted in revocation was held on August 10, 2015, prior to the expiration of the extended Diversion Program.

**{¶19}** We further find sufficient evidence of violation of the terms of Appellant's Diversion program was presented to support the revocation in this matter.

**{¶20}** In the January 21, 2014, Journal Entry placing Appellant into the Diversion Program, the parties agreed "that in the event the State of Ohio proves by a preponderance of the evidence that the Defendant violated the terms or conditions of the Diversion Program, the Defendant's plea of GUILTY may be accepted by this Court and the Defendant will immediately be sentenced on the original charge of Domestic Violence."

**{¶21}** At the hearing held on August 20, 2015, evidence and testimony was presented by Appellant's Probation Officer Victoria Duffee. Ms. Duffee testified that pursuant to terms of his Diversion Program, Appellant had been ordered not to possess or consume alcohol. (T. at 6-7). Testimony was then presented by Morrow County Sheriff Deputy Christopher Smith that on June 12, 2015, he responded to a call involving Appellant and his wife, and that Appellant appeared to be under the influence of alcohol, had the odor of alcohol coming from his person, and admitting to consuming alcohol. (T. at 10, 12-14).

**{¶22}** Based on the foregoing, we find Appellant's Assignments of Error not well-taken and overrule same.

**{¶23}** For the foregoing reasons, the judgment of the Court of Common Pleas, Morrow County, Ohio, is affirmed.

By: Wise, J.

Farmer, P. J., and

Hoffman, J., concur.

JWW/d 0329